JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1546 AG (JCGx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | NATIONSTAR MORTGAGE LLC v. ROBERT L. HAGLAND and CLEMENTINA HAGLAND | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

**Proceedings:**      **[IN CHAMBERS] ORDER REMANDING CASE**

## BACKGROUND

Plaintiff Nationstar Mortgage LLC filed this case in state court, stating a simple cause of action for unlawful detainer. Defendants Robert L. Hagland and Clementina Haglandthen filed a Notice of Removal ("Notice"), which removed this case from state to federal court. (Notice, Dkt. No. 1.) For the reasons that follow, the Court REMANDS the case to state court.

## LEGAL STANDARD

Removal to federal court is generally governed by 28 U.S.C. Section 1441. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). In other words, federal removal jurisdiction is proper "[if] the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); 28 U.S.C. § 1441(a). Removal jurisdiction should be strictly construed in favor of remand to protect the jurisdiction of state courts. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1546 AG (JCGx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | NATIONSTAR MORTGAGE LLC v. ROBERT L. HAGLAND and CLEMENTINA HAGLAND | | |

Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

## ANALYSIS

Defendants first allege that jurisdiction is proper based on diversity of citizenship under 28 U.S.C. § 1332. ( See Notice ¶¶ 4-8.) Removing defendants have "'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 566). To satisfy this burden when a plaintiff expressly alleges an amount in controversy under the jurisdictional minimum, a removing defendant must establish "to a legal certainty that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) (emphasis added and internal citations omitted).

Here, Plaintiffs state in their Complaint that the "amount demanded does not exceed $10,000." (Notice, Ex. 3.) Defendants argue that "Plaintiff's action against Defendant [is] to gain possession of a piece of property worth more than $75,000." But title to the property is not at issue in this case. While Defendants allege that the requirements of § 1332 have been satisfied, they fail to establish – much less to a "legal certainty" – that the amount in controversy exceeds $75,000. See *Lowdermilk*, 479 F.3d at 998.

Defendants next allege that jurisdiction is proper because there is a federal question, presumably invoking 28 U.S.C. § 1331. Defendants specifically allege that Plaintiffs are debt collectors who must comply with the Fair Debt Collection Practices Act ("FDCPA") and that the case involves "possible discrimination under [] Title VIII of the Civil Rights Act of 1968." (Notice ¶ 9.) But federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir 2004) (quoting Gully v. First Nat'l Bank in Meridian , 299 U.S. 109, 112 (1936)). Because the federal statutes here appear in the Notice, and not in Plaintiff's Complaint, Plaintiff's action does not "aris[e] under" federal law. See 28 U.S.C. § 1331.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1546 AG (JCGx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | NATIONSTAR MORTGAGE LLC v. ROBERT L. HAGLAND and CLEMENTINA HAGLAND | | |

The Court reminds Defendants that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay. See *Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal by a pro se defendant was "frivolous and unwarranted" and warning "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

## DISPOSITION

Defendants fail to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer     lmb